

# OFFICE OF
# THE ATTORNEY GENERAL
### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 18, 1947

Hon. George H. Sheppard
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. V-383

Re: The mileage reimbursement to
be paid a district attorney
for those miles driven in
his own car on official State
business in excess of the
first one thousand miles in
one calendar month.

Dear Sir:

Your request for the opinion of this Department
is, in part, as follows:

"A District Attorney has submitted to
this department his expense account covering
1213 miles for the month of June at five
cents per mile. This department is uncer-
tain as to whether the Attorney is allowed
five cents a mile for the entire 1213 miles
or whether he is entitled to receive five
cents for the first 1,000 miles and four
cents for the remaining 213 miles.

"We shall, therefore, thank you to ad-
vise us whether the District Attorney may re-
ceive five cents a mile for his entire mileage
or whether he is governed by the rider on the
Appropriation Bill and can only receive five
cents a mile for the first 1,000 miles and
four cents for that mileage above 1,000 trav-
eled in any one calendar month."

" . . .

"The sole question here is whether the
District Attorneys and District Judges shall
receive a straight five cents a mile for the
entire mileage traveled in any one calendar

month or whether they shall receive five cents a mile for the first 1,000 miles traveled and four cents, etc., for the mileage traveled in excess of 1,000 miles in any one calendar month."

The pertinent statutes are as follows, all emphasis being added:

Article 6823, R. C. S. 1925, as amended, is as follows:

"The traveling and other necessary expenses incurred by the various officers, assistants, deputies, clerks and other employees in the various departments, institutions, boards, commissions or other subdivisions of the State Government, in the active discharge of their duties shall be such as are specifically fixed and appropriated by the Legislature in the general appropriation bills providing for the expenses of the State Government from year to year. When appropriations for traveling expenses are made any allowances or payments to officials or employees for the use of privately owned automobiles shall be on a basis of actual mileage traveled for each trip or all trips covered by the expense accounts submitted for payment or allowance from such appropriations, and such payment or allowance shall be made at a rate not to exceed five (5¢) cents for each mile actually traveled, and no additional expense incident to the operation of such automobile shall be allowed. /As amended Acts 1931, 42nd Leg.,p. 372, ch. 218, § 1./"

The general provisions of the Judiciary Appropriation Bill (Chap. 379, Acts 49th Leg., R. S. (1945)) contain the following proviso in Section 4 thereof:

"Traveling expenses paid to all officers and employees under the terms of this bill shall be the same amount and paid under the same conditions as provided for in the General Departmental Bill."

The general provisions of the General Departmental Appropriation Bill, (Chap. 378, Acts 49th Leg. R. S. (1945) p. 810) referred to in the preceding paragraph are as follows:

Subsection (11) f, Section 2, (in part):

"f.   Unless otherwise specifically pro-
vided by the statutes, it is provided that any
officer or employee who travels on official
State business and who uses his own car while
so doing shall be reimbursed for the use of
said car on the basis of the total mileage
traveled during any calendar month at the fol-
lowing rate:  Five cents (5¢) per mile for
the first thousand miles traveled and four
cents (4¢) per mile for each mile traveled
in excess of one thousand miles."

Article 6820, R. C. S. 1925, is as follows:

"All district judges and district attor-
neys when engaged in the discharge of their of-
ficial duties in any county in this State other
than the county of their residence, shall be al-
lowed their actual and necessary expenses while
actually engaged in the discharge of such duties,
not to exceed four dollars per day for hotel bills,
and not to exceed four cents a mile when travel-
ing by railroad, and not to exceed twenty cents
a mile when traveling by private conveyance, in
going to and returning from the place where such
duties are discharged, traveling by the nearest
practical route.  Such officers shall also re-
ceive the actual and necessary postage, tele-
graph and telephone expenses incurred by them
in the actual discharge of their duties.  Such
expenses shall be paid by the State upon the
sworn and itemized account of each district
judge or attorney entitled thereto, showing such
expenses.  In districts containing more than one
county, such expenses shall never exceed in any
one year $100.00 for each county in the district;
provided that no district judge or attorney shall
receive more than $600.00 in any one year under
the provisions of this article.  The account for
said services shall be recorded in the official
minutes of the district court of the county in
which such judge or attorney resides, respec-
tively.  /Acts 1923, p. 50./"

When Article 6823, supra, was amended by Chap.
218, Acts 42nd Leg., 1931, p. 372, the emphasized portion
thereof was added and the verbiage of the original act
of 1917 remained unchanged except for the addition of
the following emphasized words, "in the various depart-
ments, institutions, boards, commissions, or other sub-

divisions of the State government.

The emergency clause of the amending act reads in part as follows:

"Sec. 2. The fact that officials and employees of the State government are receiving allowances for the use of privately owned automobiles based on various rates, some of which appear to be excessive, and, that no uniform rate of allowance is specified in the statutes creates an emergency . . . "

The enactment by the 42nd Legislature of the amendment to Article 6823 constituted an implied repeal of that portion of Article 6820, supra, which provides that "all district judges and district attorneys . . . shall be allowed their actual and necessary expenses . . . not to exceed twenty cents a mile when traveling by private conveyance . . . "

You are therefore advised that it is the opinion of this Department that District Judges and District Attorneys using their own cars while traveling on official State business shall be reimbursed for such use at the rates provided for in Subsection (11) f, Section 2, Chapter 379, Acts of the Forty-ninth Legislature, Regular Session, 1945, p. 936.

Opinion No. O-7072, approved May 21, 1946, is overruled in as far as it conflicts with this opinion.

## SUMMARY

District Judges and District Attorneys using their own cars while traveling on official State business shall be reimbursed for such use at the rates provided in the general Departmental Appropriation Bill, i.e., 5 cents for the first 1,000 miles, during any calendar month and 4 cents for each mile traveled in excess of 1,000 miles. Articles 6820, 6823 R. C. S. 1925; Chapter 379 Acts 1945 (Judiciary Appropriation Bill); Chapter 378, Acts 1945

(Departmental Appropriation Bill) Opinion
No. O-7072, overruled in part.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          C. K. Richards

C. K. Richards
Assistant

APPROVED

ATTORNEY GENERAL

CKR:mrj:jrb